CITY OF NEW ORLEANS *v.* THE CITIZENS' MUTUAL INSURANCE COMPANY.

That portion of the capital of the Citizens Mutual Insurance Company, which is invested in bonds and stocks exempt from taxation by statute, is subject to taxation as the capital of the corporation.

For purposes of taxation, there is a distinction between the actual capital of the corporation, and the bonds or securities in which that capital is invested; and the city of New Orleans, by the provisions of its charter, can impose a tax on the entire capital of the corporation invested in bonds and securities, irrespective of the character of such bonds or securities.

APPEAL from the Second District Court of New Orleans, *Whitaker*, J. *W. H. Hunt*, for appellant. *L. M. Day*, for appellee.

HOWELL, J.   The question to be settled in this suit is, whether or not that portion of the capital of the defendant, which is invested in bonds and stocks, exempt by statute from taxation, is subject to taxation as the capital of the company.

Section 68 of the City Charter provides, "That all moneyed or stock corporations, deriving a profit from their capital, or otherwise, shall, for the purposes of this act, be liable to taxation on their capital, except such corporations as are now, by their charter, exempt from the same."

Section 70 directs, "That the president, or other public officer of every such incorporated company, shall, on the 1st of May of each year, deliver to the assessor a written statement on oath, specifying:

1st. The real estate, if any, owned at the time by such company; the assessment district in which it is situated, and the sums actually paid therefor.

2d. The capital stock actually paid in and secured to be paid, in, excepting therefrom the sums paid for real estate, and the amount of capital stock as may be owned by the State, or by the city of New Orleans.

3d. The assessment district in which the office or place of business of such companies is located, or where they are liable to be taxed."

Section 72 directs the assessor to insert in the first column of his assessment roll the names of each incorporated company in his district liable to taxation on its capital, or otherwise, and thereunder the amount of its capital stock paid and secured to be paid in, and the amount paid by said company for real estate thus belonging to it, wherever the same may be situated, and the amount of its stock, if any, belonging to the State or to the city of New Orleans; in the second column, the quantity of real

estate owned by said company within the assessment district; in the third column, the actual value thereof, estimated as in other cases; and in the fourth column, the capital stock of every such company paid in and secured to be paid in, after deducting the sums paid out for all the real estate of such company, wherever situated and then belonging to it, and the amount of stock belonging to the State or the city of New Orleans.

In pursuance of these provisions of law, the city levied a tax of one and a half per cent. on the capital paid in of the defendant, amounting, according to its annual statement, to $300,000; but the defendant, in its said return to the assessor, reported $119,804 of said sum invested, after it was paid, in bonds and stocks exempted from taxation, and refused to pay the tax thereon as exempt by law.

It is urged, that, to tax this sum thus represented or invested, would be to tax the bonds and stocks expressly exempted by law from taxation, and would be a breach of the faith of the State, as well as a violation of law. We do not so consider it. It is the policy of the law that every such incorporated company within the State shall have a well defined capital, on which its credit with the public and its business operations are based, and that this capital shall be the subject of taxation, and it is as a sum fixed in the charter, or *the required annual statement* of such company expressly taxed, subject only to the deductions specified in the 70th and 72d sections above quoted.

When the capital is not fixed or named in the charter, it is made known by the company in the statement made annually on oath.

The mistake of the defendant consists, we conceive, in treating this as a tax of the bonds and stocks, when it is really a tax upon the *capital* of the company.

Capital, as used in this connection, means the amount of money contributed by the stockholders for the purposes of the corporation. It is to be paid in, or secured to be paid in, and is known as the "capital stock" of the company, and is distinct from its property.

If the whole capital consisted of United States treasury notes, which are not taxable, lying in the vaults of the company, we presume that exemption would not be claimed; nor could it, in that case, be correctly said that the tax would be on the treasury notes specifically, but upon the capital—that from which the company derives credit and profit—the amount, however represented, on which its business operations are founded. The investing of the capital in bonds does not destroy the capital, but is a temporary use of it, at the will and risk of the company, independently of its main business, and without affecting the nature and purpose of the capital in the view of the law.

If, as the defendant says, converting the capital into bonds does not alter the character of the bonds and their exemption, as such, from taxation, it may, with equal truth, be said that investing the capital in bonds

does not alter the character of the capital and its liability as such to taxation. The law presumes that the company shall always have, as its capital, something, which all of its customers, or those who deal with it, will readily receive in settlement of any claims against it. To ascertain the amount of capital subject to taxation, the law requires the company to make an annual statement to the assessor, in a certain form, and in which certain specified duductions are made, and it directs the assessor to assess this sum.

This report or statement, thus made, fixes or makes known the capital, and the only deductions made or authorized, are the sums paid therefrom for real estate, which is taxed as real estate, and the amounts thereof which may be owned by the State or city. No authority is given or implied, by which the company may make any other exception or deduction. The terms of the 40th section of the City Charter, enumerating the property exempted from taxation, do not confer such authority.

That section exempts among other, real and personal property belonging to the city and State; and section 38 construes personal property to include capital, stocks, etc. Now, if the 40th section controls sections 68, 70 and 72, which regulate the assessment of the capital of incorporated companies, it would have been useless to specify in the latter the exemption of the portion of capital owned by the State and city.

Inclusio unius est exclusio altimus.

And the law is careful to declare this exemption to be for the benefit of the city or State, and not of the institution or incorporation taxed upon its capital. (Section 41.)

This question has been judicially examined in several of the States of the Union, and the distinction between a tax upon the capital and on what the capital, or any portion thereof, may be invested in, clearly maintained. See the cases of *The People* v. *Commissioners of Tax* in New York, reported in American Law Register, vol. 3, N. S. p. 535; *Commonwealth of Pennsylvania* v. *Stride*, same work, vol. 5, N. S. p. 435; *Bank of the Republic* v. *The County of Hamilton*, 2 Ill. R. 53.

In the first of these cases, the provisions of the law of New York taxing the capital of moneyed corporations, are in almost the the very words of our own; and the Court of Appeals of that State held the Bank of the Commonwealth to be properly taxed, on its whole capital, although a large portion thereof was invested in bonds of the United States, expressly exempted from taxation.

The principle sustaining such position is, that the tax is levied upon the *capital* wholly irrespective of what it may be invested in, subject to the deductions specially named in the sections of law imposing the tax.

A majority of the Court are of opinion that the whole of defendant's capital, as reported to the assessor, is liable, under the statute, to taxation.

Judgment affirmed, with costs.

We concur with Judge HOWELL in the judgment in this case prepared by him.                                                    ZENON LABAUVE,

J. H. ILSLEY.

TALIAFERRO, J. dissenting.    The stocks and bonds in question had their origin in objects of great public importance—the establishment of a sound currency and the construction of useful public works.

It is obvious that the purpose of the Legislature, in declaring that they shall not be taxed, was to expedite the sale of them, to induce capitalists to make investments in securities, the value of which should not be impaired by taxation; that purpose should not be defeated by indirection.

The power granted to the city to tax capitalists should be limited to capital liable to taxation.    I am of the opinion that bank stock and railroad bonds, exempted by law from taxation, preserve that immunity, in whatever form we may choose to consider them, or by whatever name we may think proper to designate them; that this immunity is a character or status impressed upon them by law, and which they carry with them into whatever condition they pass.

I do not see that any use that they may be made to subserve can, in any manner, divest them of this inherent quality.

I concur in the opinion of Justice TALIAFERRO.

W. B. HYMAN, Chief Justice.